IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADELBERT H. WARNER, II, § | |
| #13604-040, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:22-CV-621-G-BK |
| § | |
| C. RIVERS, WARDEN, § | |
| FCI SEAGOVILLE, § | |
| RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Adelbert H. Warner's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. The Court did not order a response pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons stated here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

Warner is a federal prisoner incarcerated at the FCI in Seagoville, Texas. In 2008, he pled guilty to producing and distributing child pornography and was sentenced to an aggregate term of 360 months' imprisonment, to be followed by a life term of supervised release. *United States v. Warner*, No. 1:08-CR-63-01 (W.D. Mich. Aug. 20, 2008), *aff'd*, 399 F. App'x 88, 89 (6th Cir. 2010) (affirming the criminal judgment). Warner also pled guilty in Barry County, Michigan, to first-degree criminal sexual conduct with a person under thirteen years of age and

was sentenced to imprisonment for 135-to-300 months, to be served concurrently with his federal sentence. *Warner v. State*, No. 08-103-FC (5th Jud. Cir. Ct., Barry Cnty. 2008); Doc. 3 at 1.

Warner unsuccessfully challenged his federal conviction and sentence under 28 U.S.C. § 2255. *See United States v. Warner*, No. 1:08-CR-63, 2013 WL 12343704 (W.D. Mich. Feb. 8, 2013), *certificate of appealability denied*, No. 13-1439 (6th Cir. Oct. 7, 2013). He also challenged his state conviction under 28 U.S.C. § 2254, but his federal petition was dismissed as untimely. *See Warner v. State of Michigan* , No. 1:13-CV-458, 2014 WL 806392, at *1 (W.D. Mich. Feb. 28, 2014), *certificate of appealability denied*, No. 14-1388 (6th Cir. Oct. 9, 2014). In 2020, Warner filed a successive § 2255 motion, challenging his federal conviction and claiming actual innocence. The district court transferred Warner's motion to the Sixth Circuit Court of Appeals, which in turn denied him authorization to file a successive § 2255 motion. *In re Warner*, No. 20-1663 (6th Cir. Feb. 2, 2021).

Warner then renewed his actual innocence arguments in this Court in a petition for writ of habeas corpus under 28 U.S.C. § 2241, attacking his federal conviction under the savings clause of 28 U.S.C. § 2255(e). Because he could not carry his burden, the Court dismissed his petition for lack of jurisdiction. *See Warner v. Zook*, No. 3:21-CV-1473-M-BN, 2021 WL 4142396, at *1 (N.D. Tex. Aug. 18, 2021), *R. & R. adopted*, 2021 WL 4133646 (N.D. Tex. Sept. 10, 2021), *notice of appeal docketed*, No. 21-10961 (Sep. 24. 2021).

Undeterred, on March 17, 2022, Warner filed the § 2241 petition *sub judice* challenging his Michigan state court conviction based on the same actual innocence arguments. Doc. 3 at 2-3. He contends both his state and federal convictions are premised on the same fabricated evidence. Doc. 3 at 1. Warner explains, *inter alia*:

> if I sought permission to file a second 28 USC § 2254 using the same evidence and facts I used to seek authorization to file a second § 2255 motion . . . , the Sixth Cir. Court (a) would not authorize me to file a second 28 USC § 2254 application in the Western District of Michigan's U.S. Court, and (b) will not honor the actual innocence exception in my case to allow my actual innocence to serve as a gateway through 28 USC § 2244(b)(2)'s procedural bars to second or successive § 2254 applications if my new evidence fails, in the court's opinion, to meet any of that statute's standards. That means that any attempt by me to seek authorization to file a second § 2254 would be futile, and further delay the relief and justice I have been entitled to, and have deserved for years.

Doc. 3 at 2-3.

Because Warner cannot rely on § 2241 to avoid the prohibition against successive petitions under § 2254, his petition should be dismissed for lack of jurisdiction.

## II. ANALYSIS

At the outset, this Court evaluates the substance of Warner's claims to determine if they are properly brought only under 28 U.S.C. § 2241. Upon review, the Court concludes that they are not and that the petition should be construed as seeking relief under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) ("Section 2254 'confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments.'" (quoting *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000))).

Federal courts have generally interpreted § 2241 as a broad statutory grant of authority to issue habeas writs, while § 2254 is deemed to implement that authority with respect to state prisoners. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (concluding § 2241 authorizes a federal court to

grant writs of habeas corpus in general, while § 2254 "applies to 'a person in custody pursuant to the judgment of a State court'" (quoting *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003))). Stated another way, "'§ 2254 is not an independent avenue through which petitioners may pursue habeas relief.'" *Topletz v. Skinner*, 7 F.4th 284, 293-94 (5th Cir. 2021) (quoting *Hartfield*, 808 F.3d at 1073). "Instead, all habeas petitions (as distinguished from the § 2255 habeas motions available to prisoners held pursuant to a federal court conviction) are brought under § 2241, and § 2254 places additional limits on a federal court's ability to grant relief if the petitioner is being held in custody 'pursuant to the judgment of a State court.'" *Id.* at 294 (quoting 28 U.S.C. § 2254(a)); *DeVaughn v. Dodrill,* 145 F. App'x 392, 394 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.").

Because Warner challenges a state court conviction here, § 2254 applies. Warner apparently seeks to avoid the prohibition on successive petitions under § 2254 by attempting to proceed under § 2241. Habeas petitioners, however, may not rely on the general habeas provisions found in § 2241 to circumvent restrictions found in the specific statutes governing habeas corpus review. *See, e.g. Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (addressing a federal petitioner's attempt to circumvent the restriction on successive motions under § 2255); *Medberry,* 351 F.3d at 1060-61 (noting a state prisoner cannot avoid § 2254 restrictions "simply by writing '§ 2241' on his petition").

Moreover, contrary to Warner's assertion, § 2241(d) does not authorize the challenge of a state conviction under § 2241. Doc. 3 at 1. Rather "[s]ection 2241 'specifies the court in which the petition [under § 2254] must be brought.'" *Wadsworth,* 235 F.3d at 961 (quoting *Story v. Collins,* 920 F.2d 1247, 1250 (5th Cir.1991))). Further, a § 2254 "petition challenging a state

court conviction must be filed only in a district court within the original state of conviction . . . ." *Jones v. Pennsylvania Bd. of Prob. & Parole*, No. CIV 09-930(JBS), 2009 WL 2413666, at *3 (D.N.J. Aug. 4, 2009). "This means . . . a habeas petition . . . is appropriate in the district of confinement only if that district is also in the state of the conviction being challenged." *Id.*; *Cf. Mayfield v. Klevenhagen,* 941 F.2d 346, 348 (5th Cir. 1991) (rejecting claim that a District of Columbia district court could hear a § 2254 petition and stating the petitioner "was tried and sentenced in Texas; he is confined in Texas"); *White v. Workman*, No. 3:09-CV-0457-P, 2009 WL 812073, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation dismissing for want of jurisdiction § 2254 petition attacking conviction that arose in Oklahoma, were the petitioner was confined); *see also Johnson v. Stephens*, No. 2:14-CV-0200, 2015 WL 6445875, at *3 (N.D. Tex. Sept. 17, 2015), *R. & R. adopted*, 2015 WL 6447229 (N.D. Tex. Oct. 23, 2015) (noting § 2254 petition challenging Virginia state convictions was not appropriate in Texas, where petitioner was confined).

Warner was convicted and sentenced in Barry County, Michigan, which is located within the boundaries of the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Because the state of conviction is Michigan, this Court lacks jurisdiction over Warner's construed § 2254 petition. Warner's current incarceration in a BOP facility in the Northern District of Texas does not change the jurisdictional requirements of § 2241(d). *See Carmona*, 357 F.3d at 538 (filing requirements of § 2241(d) are jurisdictional); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

Under 28 U.S.C. § 2241(d), the Court has the discretion to transfer a habeas petition to the appropriate district court in the exercise of its discretion and in furtherance of justice. *See also* 28 U.S.C. § 1631. However, given Warner's attempted end-run around the prohibition

against filing a successive § 2254 petition in the proper jurisdiction, the Court should decline to do so. *See* 28 U.S.C. § 2244(b)(3) (before a petitioner may file his application in the district court, a three-judge panel of the appropriate court of appeals must determine whether the application makes the requisite prima facie showing); *Cf. White*, No. 3:09-CV-0457-P, 2009 WL 812073, at *2 and n.1 (dismissing for want of jurisdiction in lieu of transferring to Oklahoma where the conviction arose because the Tenth Circuit Court of Appeals had previously denied leave to file a successive habeas application).

### III. CONCLUSION

For the foregoing reasons, Warner's petition for writ of habeas corpus, construed as one brought under 28 U.S.C. § 2254, should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on May 31, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).